Wash, J.,
delivered the opinion of the Court.
This was an action of debt, commenced in the Court below by Snell, against Reynolds and his securities, on an official bond given by Reynolds for the faithful discharge of his duties as Constable of Richmond township, in the county of Howard. There was demurrer and judgment for the defendants, to reverse which the plaintiff now prosecutes his writ of error in this Court. The declaration, after setting out the office bond, charges in substance “ that on the 13th day of May, 1828, one George Craig and the said Snell (the plaintiff) became bound in a writing obligatory to one Samuel Davis, whereby the said Craig and Snell became bound to pay him on or before the 25th of December, 1828, the sum of sixty-six dollars,” &c. "The breach assigned is that Snell, for whose use this suit was brought, was the security of Craig in the writing obligatory executed to Davis; that on the 4th of April,-1829, *71 Davis having sued Craig alone, recovered judgment against him; that Davis took out execution against Craig, and put the same into the hands of Reynolds, the Constable, on the 5th of December, 1829, to be returned within thirty days thereafter; that during the time the execution was in the hands of Reynolds, Craig owned property known to the Constable and subject to the execution, sufficient to satisfy the same; that the Constable refused or neglected to levy the execution, on either the propel ty or body of Craig, and permitted him to go at large in the township during all the time the execution was in his hands, and made return thereon on the 4th of January, 1830, “ nothing made on this execution, hut the defendant has property now in my township, and I wish this execution renewed as I can go and levy on property;” that after the return of the execution aforesaid, Craig became insolvent, and has so continued ever since, by reason whereof Snell became liable, and was compelled to pay the debt to Davis, and has lost the means and opportunity of making the same out of Craig, &c. The condition of the bond is, “ that the Constable shall execute all process to him directed and delivered,” “ pay the moneys received by him upon the same,” and “ in every respect to discharge the duties of Constable according to law.” Rev. Code, p. 213; and the third section of the act to provide for the appoin'tment of Constables, authorizes suits to he brought upon the bond «at the instance of any person injured by the breach of such bond,” &c.
The question for consideration is, whether Snell was injured by the neglect of Reynolds to execute the process against Craig, within the meaning of the act, so as to entitle him to sue on the office bond ? The obligation given to Davis was joint and several.
Snell was as much bound in law to pay it as Craig. Davis might have sued Snell alone, and have compelled him to pay it without looking to Craig at all, or he might have sued them jointly, and after judgment have caused the property of Snell to be taken in execution, without touching that of Craig. Snell, as the security of Craig, might have protected himself by paying the debt and calling immediately on Craig to refund, or by notifying Davis to sue. Any indulgence thereafter to Craig, to the injury of Snell, would have discharged Snell from his liability. The conduct of the Constable, however illegal, imposed no new duty or obligation on Snell. He had no direct legal interest in the execution of the process, and cannot be considered a person injured by the Constable’s neglect of duty, so as to entitle him to recover in this action. The object of the law in requiring bond and security of the Constable, is the protection of all those who are compelled or may by law choose to avail themselves of the Constable’s services, and in regard to the rights or property of whom the Constable, while acting by virtue of process, is permitted or enabled to exercise a direct control to their prejudice. And in this case Davis might have put the bond in suit for the Constable’s neglect of duty. When, by virtue of an execution against one man. the Constable takes tile property or body of another, he must answer for it like every other trespasser, and his securities are not to be held responsible on their bond. The Constable like other men may be held to answer for injuries direct or consequential in an action of trespass or special action on the case. And in the case before the Court, if the plaintiff can recover at all, it must be in an action on the case. The motion to dismiss was decided in favor of the plaintiff, and need not be now considered. The error, if any, was committed in his favor, and cannot now be urged by him.
The judgment of the Circuit Court is therefore affirmed with costa.